2026 IL App (1st) 252350-U

No. 1-25-2350

Filed May 20, 2026

Third Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| IN RE ESTATE OF DYLAN R., a Minor, | ) | Appeal from the |
| | ) | Circuit Court of |
| | ) | Cook County. |
| | ) | |
| (Rayskee Roundtree, Petitioner-Appellee, | ) | No. 25 P 2269 |
| | ) | |
| v. | ) | Honorable |
| | ) | Jamie G. Dickler, |
| Raniesha Veal, Respondent-Appellant). | ) | Judge, Presiding. |

PRESIDING JUSTICE MARTIN delivered the judgment of the court.
Justices Lampkin and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Order refusing to make emergency ruling on petition to discharge guardianship was not appealable.

¶ 2    Raniesha Veal was appointed guardian of minor Dylan R. in September 2025. The following month, Dylan R.'s natural father, Rayskee Roundtree (formerly known as Herman Roundtree), filed *pro se* pleadings captioned "Emergency Motion to Quash and for other orders" and "Motion for a Rule to Show Cause why Raniesha Veal should not be held in Contempt, and for other orders." Both pleadings requested that Dylan R. be placed in Roundtree's custody. The court entered an order on October 28, 2025, stating that Roundtree would file a petition to

discharge guardianship and the matter would be heard on January 12, 2026. Roundtree filed his petition to discharge guardianship on October 30, 2025.

¶ 3    Roundtree sent an emergency motion on his petition to the court by electronic mail on November 8, 2025. He appeared by video conference on November 12 for a hearing on the emergency motion. Veal did not appear. Following the hearing, the court entered a written order. The court noted that Roundtree reported he had sent notice to Veal by certified mail, but he had failed to provide a tracking number. The court also stated that, although the court had received the emergency motion, it had not been filed with the Clerk. Nonetheless, the court found the emailed motion failed to establish that an emergency existed. The court ordered that the matter be heard on January 12, as previously scheduled. The court also barred Roundtree from filing additional emergency motions, which was his stated intention, until January 12.

¶ 4    Roundtree filed a notice of appeal on November 17, 2025. The notice indicated he was appealing the circuit court's November 12 order, which "refus[ed] to hear an injunction and emergency motion and petition to discharge guardianship."

¶ 5    On appeal, Roundtree argues the circuit court abused its discretion in finding no emergency existed and that he is entitled to an immediate hearing on his petition. He asserts that Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) permits him to appeal the trial court's order, which he characterizes as a refusal to grant an injunction. For relief, Roundtree requests that we (1) vacate the circuit court's November 12 order finding that no emergency existed, (2) vacate the prior order appointing Veal guardian of Dylan R., and (3) grant Roundtree custody of Dylan R.

¶ 6    On March 20, 2026, this court entered an order, in response to appellant's motion to expedite appeal, taking the appeal on the record and appellants' brief only, where no appellee brief was filed within the time-period prescribed by Illinois Supreme Court Rule 343(a) (eff. July 1,

2008). See *e.g.*, *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (appeal may be taken on appellant's brief only where the issues are simple and can be decided without additional briefing).

¶ 7     This Court has an independent duty to consider whether it has jurisdiction to hear an appeal and dismiss an appeal when jurisdiction is lacking. *Pnevmatikos v. Pappas*, 2025 IL App (1st) 230739, ¶ 29. Our jurisdiction is limited to reviewing final judgments, subject to statutory or supreme court rule exceptions. *Id*. ¶ 37.

¶ 8     Roundtree asserts Rule 307(a)(1) provides jurisdiction to hear his appeal. Rule 307(a)(1) provides that "[a]n appeal may be taken to the Appellate Court from an interlocutory order of court: (1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017). An injunction is "a judicial process operating in personam and requiring [a] person to whom it is directed to do or refrain from doing a particular thing." (Internal quotation marks omitted.) *Skolnick v. Altheimer & Gray*, 191 Ill. 2d 214, 221 (2000). The purpose of a preliminary injunction is to prevent a threatened wrong or a continuing injury pending a trial on the merits of the case. *Pardilla v. Village of Hoffman Estates*, 2023 IL App (1st) 211580, ¶ 30. It provides relief to an injured party and preserves the status quo until a trial is held. *Id*.

¶ 9     Whether an order is injunctive in nature, and thus appealable under Rule 307(a)(1), depends on the substance of the action, not its form or label. *In re Marriage of Eckersall*, 2014 IL App (1st) 132223, ¶ 19. "The character of an order must be determined in the context of the facts and relief sought in each case." *Id*. "[O]rders that are ministerial or administrative cannot be the subject of an interlocutory appeal." *Id*.

¶ 10     According to Roundtree's pleadings filed in the circuit court, he requested the court enjoin Veal from interfering with his custody of Dylan R. But Roundtree does not have custody of Dylan

R. and Veal is his appointed guardian. So, the relief sought would terminate Veal's guardianship and transfer custody of Dylan R. Thus, Roundtree did not seek to preserve the status quo pending resolution on the merits of the case, but to alter it. Accordingly, the matter before the trial court was not in the nature of an injunction.

¶ 11       Further, the trial court made no ruling on the merits of Roundtree's pleadings. Rather, the court solely denied Roundtree's request to make an immediate, emergency ruling and continued the matter to its scheduled date. Thus, the order was administrative in nature.

¶ 12       For these reasons, we conclude that the trial court's November 12, 2025, order was not appealable under Rule 307(a)(1) and we lack jurisdiction to hear this appeal. Accordingly, we dismiss the appeal.

¶ 13       Appeal dismissed.